[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER OF RENTS (#118)
Plaintiff's Motion for Summary Judgment was granted by West, J. on October 3, 1997. Defendant filed a Notice of Intent to Appeal this decision on October 16, 1998. On March 9, 1998, a judgment of foreclosure by sale was entered by Thim, J. which found the debt to be in the amount of $2,492,275.91 with a per diem of $594.13 from March 9, 1998. The defendant filed an appeal of this judgment to the Appellate Court which is presently pending. The total approximate amount due on said judgment through March 9, 1999 is $2,709,133.30, together with attorney CT Page 4537 fees and costs.
The plaintiff, Southbridge Associates, LLC is the holder of two commercial mortgage notes from the defendant Albert A. Garofalo. The first note dated July 18, 1986 was in the original amount of $3,000,000.00. The second note dated October 2, 1990 was in the amount of $300,000.00. The security for the repayment of said notes are four parcels of real estate located in Fairfield, Connecticut and described as follows. Parcel 1 known as Pequot Motor Inn consists of 1.85 acres at 3471 Post Road which is US Route 1, Fairfield, Connecticut on which there is a 56 room motel. Parcel 2 is known as Bridgeport Motor Inn and consists of 0.88 acre on U.S. Route 1, Fairfield, Connecticut on which there is a 68 room motel. Parcel 3 known as 25 Oxford Road, is a 0.44 acre parcel of land on which there is a single family residential dwelling. Parcel 4 is a 6.22 acre vacant residential tract of land (wetlands) contiguous to parcel 1.
The plaintiff filed the instant motion, Application for Appointment of Receiver of Rents, Motion #118, on March 12, 1997. An evidentiary hearing on said motion was held by the court on February 1 and February 16, 1999 and the parties filed memoranda with the court under date of February 26, 1999.
Plaintiff's appraiser, Christopher Italia, testified that the highest and best use for parcel 1 is the continued use as a motel facility. He utilized the sales comparison and income capitalization approaches in estimating the market value which he found to be $620,000.00 plus an additional $30,000.00 for furniture, fixtures and equipment for a total of $650,000.00. The defendant's appraiser, Patrick Wellspeak, joined parcels 1 and 4 which is contiguous to parcel 1 and concluded that the combined site should be redeveloped with either an office building or hotel use and appraised the market value of the fee simple estate interest at $3,075,000.00.
Plaintiff's appraiser related that the highest and best use for parcel 2 is its continued use as a motel facility. He found the property to have a fair market value of $665,000.00 with furniture, fixtures and equipment of $35,000.00 for an estimated market value of $700,000.00. Defendant's appraiser concluded the site should be developed with a commercial use and fixed a market value of the fee simple interest at $1,060,000.00.
Plaintiff's appraiser testified that the fair market value of CT Page 4538 the 25 Oxford Road parcel, 0.44 acres with the single family residential dwelling thereon, was $140,000.00. Plaintiff's appraiser was unable to gain access to the premises and it should be noted that his appraisal was "only an exterior appraisal." Defendants appraiser valued this property at $300,000.00.
Plaintiff's appraiser found the fair market value of parcel 4, the 6.22 acre tract "significantly impacted by inland and tidal wetlands" to be $15,500.00. Defendant's appraiser had included this parcel with his appraisal of parcel 1.
The plaintiff's appraiser valued all four parcels at $1,440,500.00 and defendants appraiser valued said properties at $4,435,000.00. The plaintiffs appraiser and reports conclude that future development of the parcels as suggested by defendants appraiser was too speculative to attribute any additional value to the property. He indicated that future development as recommended by defendants appraiser would require zoning changes and/or variances and possible special exceptions to the existing zoning regulations and wetland requirements.
On cross examination defendants appraiser conceded that his appraisals were based on some future changes and variances in zoning and wetland regulations. He did not know whether the defendant had attempted to obtain these variances in the past but felt there was a good chance of obtaining the necessary changes in the future. He had no opinion as to the value of said property if there were no zoning changes but conceded it would be less.
The difference between appraisals on parcels one and two was most substantial. However, the accuracy of the defendant's appraisals must be viewed with some doubt because of the uncertainty in being able to obtain the necessary zoning and wetland changes, approvals and/or variances. This doubt is further buttressed by plaintiff's Exhibits 2 and 3. Plaintiff's Exhibit 2 is an appraisal of parcel one which the defendant had previously requested Baldwin Pearson Realtors to make for his use in September, 1996. The Baldwin Pearson appraisal estimated the value of parcel one to be $935,000.00 which is considerably closer to the plaintiff's present appraisal of $700,000.00 than the defendants present appraisal of $3,075,000.00. Plaintiff's Exhibit 3 is another Baldwin Pearson September 1996 appraisal of parcel 2 made for the defendant of the Kings Highway Bridgeport Motor Inn property. This Baldwin Pearson appraisal valued said property at $375,000.00 which figure again is much closer to the CT Page 4539 plaintiffs $700,000.00 figure than the defendants present $1,060,000.00 appraisal.
The plaintiff's present combined appraised value of parcels one and two is $1,350,090.00 while defendant's appraised value of said premises is $4,135,000.00. The Baldwin Pearson appraisal for the same two parcels was $1,310,000.00.
The mortgage deed executed by the defendant in this matter provides in paragraph 6, Assignment of Rents, on pages 3 and 4 that "Grantee at its option and for the purpose of effecting performance of all such obligations may make application to any court of competent jurisdiction for the appointment of a receiver of rents for said premises and shall be entitled to the appointment of such receiver immediately." During the hearing on this matter it was indicated that there had been no payment on the mortgage debt since about October, 1995. Further, this matter is presently on appeal with further appeals and delays a distinct possibility. The defendant, Albert Garofalo, Esquire, testified that income from the subject properties has decreased over the last several years and at present might only be close to covering the interest due on the mortgage debt.
"Any or all of several factors may prompt the desire for an appointment but they all have the common element of seeking to minimize the risk of less than full recovery on the plaintiffs debt." Caron, Connecticut Foreclosures 3rd Ed. At p. 287. The plaintiff has established the likelihood of a deficiency and a default which has accelerated the mortgage debt. Under the terms of the mortgage deed and the evidence presented it has the right to the appointment of a receiver of rents as provided for in 1999 Connecticut Practice Book, § 21-1 through § 21-24.
Based upon all of the foregoing, the court grants the plaintiffs motion for the appointment of a Receiver of Rents. The court will allow counsel a period of not more than two weeks to discuss and perhaps agree on some or all of the details involved in the Receivership appointment including identity, cost, duties, responsibilities, bond and other pertinent items. The court will further schedule a hearing with counsel for April 22, 1999 at 10:00 a.m. limited only to these items.
BALLEN J.